UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NUMBER:    1:06 CR 14 |
| | ) | 1:06 CR 69 |
| SCHAKIA YATES | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Defendant, Schakia Yates, a former federal prisoner in both the above-referenced cases, is now serving a consecutive state sentence. On August 1, 2019, Yates filed a letter in each of her cases seeking relief under the good time credit provisions of the First Step Act of 2018, codified in 18 U.S.C. §3624(a)(1). [06-CR-14, DE 108; 06-CR-69, DE 34]. On August 16, 2019, this Court referred the defendant's cases to the Federal Community Defenders, Inc. ("FCD") to determine if the defendant qualified for relief under the First Step Act. The FCD filed his appearances on August 20, 2019.

Presently before the Court are the FCD's Motions to Withdraw [06-CR-14, DE 112; 06-CR-69, DE 38 ] as counsel. Subsequently, Yates filed a second letter with the Court in each of her cases again challenging how her good time credit was calculated during her federal sentence. For the following reasons, the motions to withdraw will be GRANTED. Because Yates was not a federal prisoner in custody on the date the good time credit provisions became effective, her request for application of the good time credit is MOOT.

## DISCUSSION

In her first case, 1:06-CR-14, Yates was convicted of armed bank robbery in violation of 18 U.S.C. §2113(a) and (d) and for using a firearm during a crime of violence, in violation of 18

1

U.S.C. §924(c).  She was sentenced to 46 months imprisonment and 5 years of supervised release.

Subsequently, after pleading guilty to bank robbery by force and violence in violation of 18 U.S.C.

§ 2113(a) and (d) in case 1:06-CR-69, Yates was sentenced to an additional 46 months

imprisonment to run concurrently with the sentence imposed in case 1:06-CR-14.

In the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat.

5194, Congress enacted a package of federal prison and sentencing reforms. Section 404(b) of the

First Step Act expressly permits the original sentencing Court to impose a reduced sentence as if

sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in

effect at the time the covered offense was committed. First Step Act, 115 Pub. L. 391 § 404, 132

Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal

statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing

Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

*Id.*.  In practice, a covered offense is a crack cocaine offense.[1]

Additionally, the First Step Act changes the process by which the Bureau of Prisons

("BOP") calculates custody credits.  Section 102(b)(1) of the First Step Act amended 18 U.S.C. §

3624(b) and therefore altered the availability of good-time credit for federal inmates. Specifically,

it increased the maximum allowable good-time credit from 47 days to 54 days per year, and

directed the BOP to calculate good-time credit from the beginning of the year rather than the end.

The good-time-credit fix is also intended to be retroactive, as it applies equally to offenses

---

[1] More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Under the Fair Sentencing Act, therefore, in order to trigger the ten years to life sentencing range of Section 841(b)(1)(A)(iii), the offense would have to involve more than 280 grams of crack cocaine.

committed "before, on, or after the date of enactment" but is "limited to offenses committed on or after November 1, 1987." §102(b)(3).

On September 9, 2019, the U.S. Probation Office filed their Addenda to the Presentence Report. In these addenda, the U.S. Probation Office determined that Yates did not qualify for relief pursuant to the substantive provisions of the First Step Act, §404(b). [1:06-CR-14, DE 111 and 1:06-CR-69, DE 34].  This conclusion was based on the fact that the statutes under which Yates was convicted were not crack cocaine offenses (i.e., not offenses identified in the Fair Sentencing Act of 2010 that was made retroactive by Section 404 of the First Step Act).  In response, the FCD filed the present motions noting that he agreed with the assessment of the U. S. Probation Office that violations of 18 U.S.C. § 2113(a) and (d); and 18 U.S.C. § 924(c) were not identified in the Fair Sentencing Act of 2010 and subsequently made retroactive by Section 404 of the First Step Act.  Neither the FCD nor the probation office addressed Yates inquiry as to the application of the good time credits provisions, §102(b) of the First Step Act.  However,  the FCD noted that Yates was released from the Bureau of Prisons on February 26, 2016, prior to enactment of the good time credit provisions in the First Step Act, thereby rendering her request moot.

Having reviewed the record, it is clear that the retroactive substantive provisions of §404(b) do not apply to Yates. Yates was not convicted of any crack based offense or any offense identified in the Fair Sentencing Act that was made retroactive in the First Step Act.  Essentially, Yates is a bank robber, not a crack cocaine offender to which the retroactive provisions apply.  Nevertheless, she asserts that the good time credits provision should be retroactively applied to her offense to adjust her time in federal custody by 10 weeks so that she will be eligible for release from state custody ten weeks sooner.

The amendments to good time credit provisions, 18 U.S.C. §3624(b)(1), became effective July 19, 2019 and provide as follows:

(b) Credit toward service of sentence for satisfactory behavior.—

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations…

18 U.S.C.A. § 3624(b)(1). Additionally, paragraph (b)(2) provides, "[n]otwithstanding any other law, credit awarded under this subsection … shall vest on the date the prisoner is released from custody." *Id.*

The specific language of section 3624(b)(1) is written in the present tense and on its face provides relief, as of the effective date, to "prisoners …serving a term of imprisonment of more than 1 year…" Here, Yates was no longer serving a federal term of imprisonment on July 19, 2019, the effective date of the good time credit provisions. Her term of imprisonment ended on February 26, 2016, and it was on this date, pursuant to §3624(b)(1) that she was vested in the good time credits to which she was then entitled pursuant to the Bureau of Prisons calculations. Simply put, the additional good time credits she now seeks did not exist until the effective date of the amendment which was over 3 years after Yates's imprisonment ended. There is nothing in the language of §3624 which suggests that the retroactivity intended by the First Step Act applies to every person who has served a federal term of imprisonment for an offense committed after November 1, 1987. Rather, the language is clear that it applies only to prisoners currently serving a term of imprisonment on the effective date of the amendment. Accordingly, Yates request for

application of the amended good time credit provisions is rendered MOOT by her release from federal imprisonment.

## CONCLUSION

Based on the foregoing, the FCD's Motions to Withdraw in cases 1:06-CR-14 [DE 112] and 1:06-CR-69 [DE 38] are GRANTED.  To the extent Yates seeks a determination that the amended good time credit provisions of the First Step Act are applicable to her completed term of federal imprisonment, that request is DENIED as MOOT given her release from imprisonment.  The CLERK is DIRECTED to file a copy of this Order in each of Yates's cause numbers.

Entered:  This 25th day of October, 2019.

s/ William C. Lee
United States District Court