UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NUMBER: 1:06 CR 14 |
| | ) | 1:06 CR 69 |
| SCHAKIA YATES | ) | |
| | ) | |
| | ) | |

## **OPINION AND ORDER**

Defendant, Schakia Yates, a former federal prisoner in both the above-referenced cases, is now serving a consecutive state sentence. On August 1, 2019, Yates filed a letter in each of her cases seeking relief under the good time credit provisions of the First Step Act of 2018, codified in 18 U.S.C. §3624(a)(1). [06-CR-14, DE 108; 06-CR-69, DE 34]. On October 25, 2019, the undersigned entered an Opinion and Order denying Yates request and indicated that Yates' release from imprisonment mooted any request to have her good time credit recalculated or applied to her state sentence.

Presently before the Court is Yates's Motion to Amend Abstract to Reflect Erroneous Credit Time Calculation (DE 115). In that Motion, once again, she requests a recalculation of the federal good time credit she received so as to apply it against the consecutive state sentence she received. Again, the Court reiterates why her Motion cannot be granted:

> Yates was no longer serving a federal term of imprisonment on July 19, 2019, the effective date of the good time credit provisions. Her term of imprisonment ended on February 26, 2016, and it was on this date, pursuant to §3624(b)(1) that she was vested in the good time credits to which she was then entitled pursuant to the Bureau of Prisons calculations. Simply put, the additional good time credits she now seeks did not exist until the effective date of the amendment which was over 3 years after Yates's imprisonment ended. There is nothing in the language of §3624 which suggests that the retroactivity intended by the First Step Act applies to every person who has served a federal term of imprisonment for an offense committed after November 1, 1987. Rather, the language is clear that it applies only to prisoners

1

> currently serving a term of imprisonment on the effective date of the amendment. Accordingly, Yates request for application of the amended good time credit provisions is rendered MOOT by her release from federal imprisonment.

Opinion and Order, Cause No. 06-CR-014, DE 114.  Simply put, there was no erroneous calculation of Yates's good time credits as of the date she was vested with those credits, i.e., her date of release in 2016.  The First Step Act does not alter this calculation.  Accordingly, Yates's motion is DENIED.

SO ORDERED.  This 28th day of January, 2020.

s/ William C. Lee<br>
United States District Court